UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTHONY D. WATKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-01230-TAB-TWP |
| ) | |
| CAROLYN W. COLVIN Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**I.   Introduction**

Plaintiff Anthony D. Watkins appeals the Administrative Law Judge's denial of his application for Social Security benefits. Watkins argues that the ALJ erred because he ignored all evidence demonstrating Watkins is disabled. For the reasons set forth below, Watkins' brief in support of appeal [Filing No. 23] is denied and the Commissioner's decision is affirmed.

**II.   Background**

Watkins applied for disability insurance benefits and supplemental security income, alleging disability beginning February 22, 2008. His applications were denied initially and upon reconsideration. On April 26, 2013, Watkins testified at a hearing before an ALJ. The ALJ found Watkins is not disabled and denied the application. Watkins appealed the denial to the district court, which found error and remanded the case back to the ALJ. On March 24, 2015, the ALJ held a new hearing, at which Watkins appeared with counsel and testified. The ALJ issued a new decision on April 24, 2015, again finding Watkins is not disabled. [Filing No. 13-2, at ECF p. 33.]

At step one, the ALJ found that Watkins had no substantial gainful activity during the relevant time period. [Filing No. 13-2, at p. 14.] At step two, the ALJ found that Watkins' severe impairments included degenerative disc disease of the cervical and lumbar spine, hypertension, coronary artery disease with a history of myocardial infarction, obesity, major depressive disorder, anxiety, borderline intellectual functioning, and a history of substance abuse and alcohol dependence. [*Id.*] At step three, the ALJ found that Watkins did not meet or equal a listing. [Filing No. 13-2, at p. 15.]

At step four, the ALJ found Watkins had the RFC to perform light work with the following physical limitations:

> the claimant can lift and carry 20 pounds occasionally and 10 pounds frequently; sit for two hours at one time and a total of six hours per eight-hour workday; stand for 30 minutes to one hour at one time and up to a total of three hours per eight-hour workday; walk 15 to 30 minutes at one time and up to a total of three hours per eight-hour workday; frequently perform overhead reaching; frequently use the upper extremities, bilaterally; occasionally climb stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, and kneel; never crouch or crawl; no exposure to extreme cold or extreme heat

and the following mental limitations:

> [t]he claimant is limited to simple routine, repetitive tasks, in a work environment free of fast-paced production requirements; simple work-related decisions not requiring complex thought processes; infrequent public contact; and only occasional contact with coworkers and supervisors.

[Filing No. 13-2, at ECF p. 18.] The ALJ found Watkins was unable to perform his past relevant work as a tractor trailer truck driver, tank truck driver, box truck driver, or general laborer in the trucking industry. At step five, the ALJ relied on a vocational expert's testimony to conclude that Watkins is not disabled because he can perform the jobs of a collator operator, router, or lens inserter. [Filing No. 13-2, at ECF p. 31.] The ALJ's decision became final when the Appeals Council denied Watkins' request for review. This appeal followed.

**III.     Standard of Review**

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014). The ALJ is obliged to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore,* 743 F.3d at 1123. The ALJ, however, need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

**IV.     Discussion**

Watkins points to a few pieces of evidence and broadly argues that the ALJ erred by ignoring and rejecting all of the evidence in the record that proves his disability. The Commissioner addresses the evidence, but narrows the scope of Watkins' argument to whether the RFC is supported by the evidence. The Commissioner explains this is essentially Watkins' argument because the RFC takes all of the evidence in the record into account. Watkins failed to file a reply brief, and the Commissioner's interpretation of Watkins' argument is reasonable. Accordingly, the Court will limit its discussion to whether the ALJ ignored certain pieces of evidence and whether the RFC, and the hypothetical to the VE based on the RFC, is supported by substantial evidence.

The RFC is the ALJ's administrative assessment of the extent an individual's impairments may cause physical or mental limitations or restrictions that may affect his ability to

perform work-related activities. SSR 96–8p. The ALJ is responsible for determining the RFC by considering credible information from the entire case record. 20 C.F.R. § 404.1527(d)(1); *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007).

Watkins argues that the ALJ erred by ignoring two Midtown mental health clinic evaluations from February 2012. But as the Commissioner points out, even if the ALJ was required to discuss these reports, they are not inconsistent with the RFC. The RFC limits Watkins to simple, routine, repetitive tasks in a low-pressure environment with limited interaction. [Filing No. 13-2, at ECF p. 18.] The reports from Midtown chronicle part of Watkins' treatment for depression. On February 1, 2012, Midtown diagnosed Watkins with major depressive disorder with psychotic features and prescribed him Zoloft to control the symptoms. [Filing No. 13-8, at ECF p. 24.] On February 15, 2012, Watkins reported to Midtown that he began experiencing increased panic attacks, which he believed were either a side effect from the Zoloft or due to stress from his daughter's health issues. [Filing No. 13-8, at ECF p. 25.] Midtown instructed him to stop taking the Zoloft and if his panic attacks decreased, the doctor would prescribe an alternate medication, and if not, he would restart the Zoloft. *Id.* The Midtown reports are relevant to Watkins' major depressive disorder, but do not contradict the RFC or point to a disability finding. In fact, the RFC is designed to limit Watkins' exposure to stress, which is the symptom highlighted in the Midtown reports. The reports are consistent with the RFC and rather insignificant in describing Watkins' impairments and limitations. Therefore, the Midtown reports are not evidence the ALJ was required to mention and do not render the RFC unsupported.

Watkins also argues that the ALJ erroneously found that he failed to seek treatment. Watkins points to the ALJ's narrative of his medical history. This narrative includes Watkins

cancelling 12 physical therapy appointments [Filing No. 13-2, at ECF p. 20], not being treated for back pain for a year [*Id*. at 21], cancelling and failing to appear for appointments (leading to his discharge for attendance noncompliance) [*Id*. at 22], not complying with medications [*Id*. at 23], and receiving little treatment for mental health. [*Id*. at 24.] These facts are part of Watkins' medical record. The ALJ made no findings in this narrative. Watkins manipulates the ALJ's narrative to fit his argument, which fails when taken in context. The one finding Watkins does point to demonstrates this skewed presentation. Watkins argues the ALJ erroneously found his "treatment has been minimal," but the ALJ actually found that "[a]lthough … treatment has been minimal," Watkins' impairments "are severe." [*Id*. at 15.] As the proper context reveals, Watkins' argument that the ALJ made an erroneous finding about his failure to seek treatment misses the mark and cannot succeed.

      Watkins also takes issue with the ALJ's statement that Watkins said he could not afford his medication, but he acquired sufficient funds to "obtain marijuana." [Filing No. 13-2, at ECF p. 13.] Watkins contends there is no evidence he ever purchased marijuana. Does "obtain" mean "purchased?" It appears so, but it does not undermine the ALJ's opinion. The ALJ relies on Midtown's treatment notes that Watkins occasionally smokes marijuana (and used alcohol regularly). [Filing No. 13-8, at ECF p. 89.] While there is no specific evidence that Watkins actually "purchased" the marijuana he smoked, it was not unreasonable for the ALJ to conclude that because Watkins "obtained" it he may have "purchased" it. The ALJ's analysis and the Midtown notes are sufficient to uphold the ALJ's passing reference that Watkins purchased and obtained marijuana.

      Watkins argues that he met his burden of proof that his "depression-anxiety and chronic neck and back pain rendered him totally disabled." [Filing No. 23, at ECF p. 13.] This assertion,

5

however, lacks any citation to the record to assist the Court in determining what evidence proves Watkins' disability. Watkins' bare allegation that he presented substantial evidence to the ALJ does not make it so. Rather, the Court is left with a point-by-numbers sketch pad and is unable and unwilling to connect the dots, as Watkins was required to do. Based upon Watkins' brief, the Court cannot consider overruling the ALJ's finding.

Watkins also argues that the ALJ erred by rejecting his testimony about his disabling neck and back pain because it was not proven by objective evidence. Watkins points out that "once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence." *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004). But again, Watkins only alleges that the ALJ erred by relying on objective evidence and fails to connect the dots and tell the Court what subjective evidence proves his disabling neck and back pain. [Filing No. 23, at ECF p. 14.] Watkins references several Seventh Circuit cases to support his argument, but does not apply them to the case at hand. [Filing No. 23, at ECF p. 14-16.] This Court cannot conclude that the ALJ in this case made the same errors as the ALJs in these other cases. Unfortunately, Watkins sheds no light on how he believes the ALJ erred here or why remand is appropriate on this issue. Thus, there is no basis for this Court to overrule the ALJ's finding.

Finally, Watkins argues that the ALJ posed erroneous hypotheticals to the VE because the ALJ failed to provide limitations for his "anxiety/depression with psychotic features and chronic pain impairments. [Filing No. 23, at ECF p. 17.] Watkins claims that the ALJ merely guessed what his functional abilities are because the ALJ cites no medical evidence. However, this is inaccurate. As the Commissioner points out, the ALJ's hypothetical was based in large

part on the hearing testimony of two medical experts, who reviewed the entire medical record, including the updated medical exhibits, testified about the nature and severity of Watkins' condition, and gave their reasoned medical opinions about Watkins' physical and mental functional capacity restrictions. Watkins does not identify any functional limitations that were omitted from the hypothetical questions. To the contrary, the hypotheticals posed to the VE were supported by the medical experts' testimony. Accordingly, there is no error.

## V.     Conclusion

For these reasons, Watkins has not demonstrated that the ALJ committed reversible error. The Court denies Watkins' brief in support of appeal [Filing No. 23] and affirms the Commissioner's decision.

Date:  8/30/2016

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution to all counsel of record via CM/ECF.